# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marta Dominguez De Iglesias, | No. CV-26-01048-PHX-SPL (CDB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Eric Rokowsky, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.)

Petitioner entered the United States in 2017 and, after a short period of detention, was released on her own recognizance pending her immigration proceedings. At some point, Petitioner's initial removal proceedings were dismissed. On May 21, 2025, Petitioner was re-detained by Customs and Border Protection officials without a pre-deprivation hearing. An immigration judge granted Petitioner's asylum application on October 1, 2025, and on October 23, 2025, the Department of Homeland Security filed an appeal. That appeal remains pending. Petitioner seeks a custody redetermination hearing or release from custody.

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo*

*v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at \*6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at \*8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2) If not already issued, the Clerk of Court must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4) Respondents must show cause no later than **February 24, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

. . . .

(5) Petitioner may file a reply no later than **February 26, 2026**.

Dated this 17th day of February, 2026.

Honorable Steven P. Logan
United States District Judge

- 3 -